|  |  |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>**SHAPIRO, CROLAND, REISER**<br>  **APFEL & DI IORIO, LLP**<br>John P. Di Iorio, Esq.<br>411 Hackensack Avenue<br>Hackensack, NJ 07601<br>(201) 488-3900<br>Attorneys for Debtor | Order Filed on December 2, 2020<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>JOHN PATRICK O'GRADY,<br><br><center>Debtor.</center> | Chapter 11<br><br>Case No.: 19-19513-JKS<br>(Small Business Subchapter V)<br><br>Hearing Date: November 18, 2020 |

**ORDER CONFIRMING PLAN OF REORGANIZATION**

The relief set forth on the following pages, numbered two (2) through (4), is hereby **ORDERED.**

DATED: December 2, 2020

_____

Honorable John K. Sherwood
United States Bankruptcy Court

867200.1

(Page 2)
Debtor:       John P. O'Grady
Case No.     19-19513-JKS
Caption:     Order Confirming Plan of Reorganization

---

John Patrick O'Grady ("Debtor") having filed an Amended Small Business Debtor's Plan of Reorganization on October 23, 2020 [Document No. 153] (the "Plan"), as amended by the modification of the Plan set forth herein; and the Plan and ballots having been served upon all creditors and equity interest holders in accordance with the Order Setting Deadlines and Scheduling Confirmation Hearing dated October 28, 2020 [Document No. 157]; and administrative creditor Kopelman & Kopelman LLP, counsel to John Sywilok, the former Chapter 7 Trustee, having filed an objection to the Plan; and the Court having conducted a plenary hearing on confirmation of the Plan on November 10, 2020 and considered the testimony of witnesses and arguments of counsel for the Debtor, counsel for the former Chapter 7 Trustee and other parties in interest; and the Court having conducted a further hearing on confirmation of the Plan on November 18, 2020; and the Court having concluded and found, after hearing on notice, for the reasons set forth on the record at the hearing that the requirements set forth in 11 U.S.C. §1191 have been satisfied; it is

**ORDERED**, that the Plan, as modified herein, be and is hereby confirmed pursuant to 11 U.S.C. §1191; and it is further

**ORDERED**, that Debtor shall make the distributions required under and in accordance with the Plan; and it is further

**ORDERED**, that beginning on the tenth day of the month following the Effective Date of the Plan and on the tenth day of each of the five months thereafter and quarterly thereafter Debtor shall provide counsel for the former Chapter 7 Trustee with a certified report of distributions made by Debtor in accordance with the Plan; and it is further

**ORDERED**, that Donaldson's lien on the property located at 91 Midvale Mountain Road, Mahwah, New Jersey (the "Property"), as fixed in the confirmed plan is a valid perfected lien on the Property behind only the mortgage liens of TIAA, FSB and Bank of America and Donaldson may file a lis pendens upon entry of this order to provide subsequent potential lien holders with notice of Donaldson's

Case 19-19513-JKS    Doc 176    Filed 12/04/20    Entered 12/05/20 00:23:24    Desc
Imaged Certificate of Notice    Page 3 of 6

(Page 3)
Debtor:       John P. O'Grady
Case No.      19-19513-JKS
Caption:      Order Confirming Plan of Reorganization

perfected lien on the Property; and it is further

**ORDERED**, that if the Debtor defaults pursuant to the provisions of the confirmed plan and the bankruptcy case is converted to Chapter 7, Donaldson shall be entitled to 50% of the sale proceeds from the Property after payment of the first and second mortgages noted above, real estate taxes and brokers' commissions, which 50% of the sale proceeds shall be paid on account of Donaldson's Lien on the Property, and Donaldson's lien shall attach to Donaldson's share of the sale proceeds.  The Bankruptcy estate shall retain the other 50% of the sale proceeds less any payments made to administrative and priority creditors under the Debtor's confirmed Plan through conversion, which paid amounts to those creditors shall be added to the 50% of the proceeds to be paid to Donaldson, and Donaldson's lien on the Property shall attach to the proceeds to the extent of the payments made by the Debtor to administrative and priority creditors under his confirmed plan; and it is further

**ORDERED**, that if the Debtor defaults and the bankruptcy case is converted to Chapter 7, Donaldson shall retain his claim in the case up to the full amount of the pre-petition Judgment he obtained against the Debtor less payments received by Donaldson pursuant to the Debtor's confirmed Plan and any funds received by Donaldson from the sale of the Property.  In addition, the Debtor and Donaldson stipulate that upon conversion Donaldson shall be entitled to a non-dischargeable judgment against the Debtor in the amount of $250,000.00 less payments received by Donaldson under the Debtor's confirmed Plan and any funds received by Donaldson from the sale of the Property; and it is further

**ORDERED**, that the Court's findings set forth on the record on November 18, 2020 are supplemented as follows  - The terms concerning the treatment of the Donaldson claim under the Plan and this Order reflect a settlement of issues between Donaldson and the Debtor concerning the discharegability of Donaldson's claim and the validity of Donaldson's alleged judgment lien.  Such settlements are allowed to be incorporated into Chapter 11 plans under § 1123(b)(3) of the Bankruptcy Code.  Counsel to the former Chapter 7 Trustee has argued that the Donaldson judgment lien can easily be avoided using the estate's

(Page 4)
Debtor:        John P. O'Grady
Case No.       19-19513-JKS
Caption:       Order Confirming Plan of Reorganization

---

"strong-arm powers" under § 544(a) of the Bankruptcy Code.  In support, counsel has cited to *Matter of Silverman*, 2 B.R. 326 (Bankr. D.N.J. 1980).  The Court has reviewed this decision as well as *In re Hillesland*, 2020 WL 4809882 (Bankr. D.N.J. 2020) and *Matter of Mariano*, 339 B.R. 334 (Bankr. D.N.J. 2006).  The Court has also reviewed the Donaldson Proof of Claim (Claim 1-1) which attaches a Writ of Execution dated November 20, 2018 and proof of service of same.  Based on this limited review, it appears that the process of avoiding Donaldson's judgment lien may involve factual issues such as whether Donaldson made a good faith effort to locate the Debtor's personal property before levying on the real estate.  The Debtor's estate would be burdened with additional legal fees.  Also, as set forth on the record at the confirmation hearing, even if the Donaldson judgment lien is set aside, Donaldson would be the largest unsecured creditor by far and would receive a substantial amount of the funds generated from the litigation against it.  For these reasons (and those already stated on the record), the Court finds that the settlement is reasonable.

United States Bankruptcy Court
District of New Jersey

In re:  
John Patrick O'Grady  
    Debtor(s)

Case No. 19-19513-JKS  
Chapter 11

# CERTIFICATE OF NOTICE

District/off: 0312-2     User: admin     Page 1 of 2  
Date Rcvd: Dec 02, 2020     Form ID: pdf903     Total Noticed: 2

The following symbols are used throughout this certificate:  
**Symbol**    **Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 04, 2020:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | John Patrick O'Grady, 91 Midvale Mountain Rd., Mahwah, NJ 07430-2709 |
| aty | + | Shapiro, Croland, Reiser, Apfel & Di Iorio, LLP, 411 Hackensac Avenue, Hackensack, NJ 07601-6328 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**  
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 04, 2020      Signature:     /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 2, 2020 at the address(es) listed below:

**Name**     **Email Address**

Brian W. Hofmeister  
    bwh@hofmeisterfirm.com J119@ecfcbis.com

Denise E. Carlon  
    on behalf of Creditor BANK OF AMERICA  N.A. dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com

Heather Elizabeth Saydah  
    on behalf of Defendant Bank of America NA HSaydah@winston.com docketny@winston.com;heather-saydah-6555@ecf.pacerpro.com

James French  
    on behalf of Creditor TIAA  FSB jfrench@mwc-law.com, nj-ecfmail@ecf.courtdrive.com

James French  
    on behalf of Defendant TIAA  FSB jfrench@mwc-law.com, nj-ecfmail@ecf.courtdrive.com

| | | |
|---|---|---|
| District/off: 0312-2 | User: admin | Page 2 of 2 |
| Date Rcvd: Dec 02, 2020 | Form ID: pdf903 | Total Noticed: 2 |

James French
    on behalf of Defendant EverBank jfrench@mwc-law.com nj-ecfmail@ecf.courtdrive.com

John P. Di Iorio
    on behalf of Debtor John Patrick O'Grady jdiiorio@shapiro-croland.com

Lauren Moyer
    on behalf of Creditor TIAA  FSB lmoyer@mwc-law.com, nj-ecfmail@ecf.courtdrive.com

Marisa Myers Cohen
    on behalf of Creditor TIAA  FSB ecfmail@ecf.courtdrive.com, jhillier@mwc-law.com

Melissa S DiCerbo
    on behalf of Creditor TIAA  FSB nj-ecfmail@mwc-law.com, nj-ecfmail@ecf.courtdrive.com

Michael S. Kopelman
    on behalf of Trustee John Sywilok kopelaw@kopelmannj.com

Michael S. Kopelman
    on behalf of Attorney Kopelman & Kopelman LLP kopelaw@kopelmannj.com

Michael S. Kopelman
    on behalf of Interested Party John W Sywilok kopelaw@kopelmannj.com

Michael S. Kopelman
    on behalf of Plaintiff John Sywilok kopelaw@kopelmannj.com

Mitchell Hausman
    on behalf of U.S. Trustee U.S. Trustee Mitchell.B.Hausman@usdoj.gov

Scott S. Rever
    on behalf of Creditor Barry Roy Donaldson srever@wjslaw.com
    srever@ecf.inforuptcy.com;dmendez@wjslaw.com;dmendez@ecf.inforuptcy.com

Scott S. Rever
    on behalf of Defendant Barry Roy Donaldson srever@wjslaw.com
    srever@ecf.inforuptcy.com;dmendez@wjslaw.com;dmendez@ecf.inforuptcy.com

Sherri Jennifer Smith
    on behalf of Creditor BANK OF AMERICA  N.A. ssmith@pincuslaw.com, nj.bkecf@fedphe.com

U.S. Trustee
    USTPRegion03.NE.ECF@usdoj.gov

TOTAL: 19