**KOPELMAN & KOPELMAN LLP**
*A PARTNERSHIP FOR THE PRACTICE OF LAW*
90 MAIN STREET, SUITE 205
HACKENSACK, NEW JERSEY 07601-7001
TELEPHONE (201) 489-5500
TELECOPIER (201) 489-7755
E-MAIL kopelaw@kopelmannj.com

MICHAEL S. KOPELMAN
  MEMBER NJ AND NY BARS
CAROL WEINFLASH KOPELMAN
  MEMBER NJ BAR

NEW YORK OFFICE
ONE PENN PLAZA, SUITE 2414
NEW YORK, NEW YORK 10119
(212) 629-0733

February 16, 2021

<u>*VIA ECF*</u>
Honorable John K. Sherwood, U.S.B.J.
United States Bankruptcy Court
50 Walnut Street, Courtroom 3D
Newark, NJ 07102

**Re: John Patrick O'Grady, CH 7, Case No. 19-19513-JKS**
     **Hearing Date: 2/23/2021 at 10:00 a.m.**

Dear Judge Sherwood:

   Kopelman & Kopelman LLP represents John W. Sywilok, former Chapter 7 Trustee of John Patrick O'Grady and is the holder of an allowed administrative claim. Please accept this letter brief in opposition to Notice of Motion For An Order Authorizing Shapiro, Croland, Reiser, Appel & Di Iorio, LLP To Withdraw As Counsel For Debtor (the "Application") in lieu of a more formal submission.

   Preliminarily, the Application is procedurally deficient and on this basis alone should be summarily denied.

   LBR 9013-1 (a)(3) requires that a motion such as the one presently before the Court must contain "a memorandum of law stating the legal basis for the relief requested or a statement why a memorandum of law is unnecessary." The instant motion relies solely "upon the declaration of John P. Di Iorio filed herewith." The motion is addressed to, among others, Mr. Di Iorio's client, John Patrick O'Grady, a layman. Mr. Di Iorio has a duty to his client to set forth the controlling law upon which the Application is based so as to afford Mr. O'Grady a full and fair opportunity to respond. As Mr. Di Iorio has failed to do so, the Application should be denied.

Furthermore, proper application of the controlling legal criteria for relief mandates that the Application be denied.

L. Civ. R. 102.1 provides that: "Unless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court."

In addition to L. Civ. R 102.1, the Court must consider the criteria set forth in RPC 1.16. *In re Lands End Leasing*, 220 B.R. 236 (Bankr. D.N.J. 1998). The general criteria by which the Court will consider an application to withdraw are. "(1) the reasons why withdrawal is sought, (2) the prejudice withdrawal may cause to litigants, (3) the harm withdrawal might cause to the administration of justice and (4) the degree to which withdrawal will delay resolution of the case." *Haines v. Liggett Group Inc.*, 814 F. Supp. 414, 423 (D.N.J. 1993). See also *Rusinow v. Kamara*, 920 F. supp. 69 (D.N.J. 1996).

Mr. Di Iorio's reasons for withdrawal are set forth at ¶'s 12-15 of his 1/12/2021 Declaration (Doc 191-1) as follows:

> "12. At the request of the Chapter 7 Trustee's Counsel and the Court, I have on several occasions tried to contact Debtor by e-mail and telephone to ascertain the status of Debtor's mortgage payments.
> 13. Debtor has not advised whether the adequate protection payments have been made.
> 14. Debtor's Plan has been confirmed and I have counseled Debtor as to his obligations under the Plan. I cannot do more.
> 15. The Fee Application sets forth services rendered and expenses paid having a value of $52,805.22. It is unclear whether any of the amounts to be allowed, other than the $10,000 retainer provided by Debtor's wife to Shapiro Croland, will be paid. Furthermore, it does not appear that Debtor has the means to pay for further services which may be required following confirmation of the Plan including, but not limited to, opposing an appeal of the confirmation order filed by the Chapter 7 Trustee's Counsel and/or a motion to reconvert the case to a chapter 7."

These reasons are clearly insufficient.

As a factual matter, Mr. O'Grady appeared at a hearing conducted by the Court on January 21, 2020 and explained that his inability to communicate with counsel was caused by his COVID-19 illness but that he was recovered now. Presumably, the failure to communicate has now been rectified.

There is extreme prejudice to Mr. Sywilok and Kopelman & Kopelman LLP if Mr. Di Iorio's Application is granted. Mr. O'Grady has shown himself to be an unworthy litigant. He previously demonstrated a complete lack of cooperation with

the Trustee's counsel by failing to respond to correspondence and frustrating Trustee's appraiser and broker from inspecting his house and later showing it to prospective purchasers to the point that the Trustee had to file a motion to evict which was granted following which Mr. O'Grady decided to enter into a consent order regarding his future cooperation regarding his home which was promptly followed by his motion to convert to chapter 11. In short, the Debtor has shown himself to be evasive, tricky and, it is submitted, dishonest. It would be extremely prejudicial to the litigants if withdrawal were granted.

Withdrawal, moreover, is not in the interests of proper administration of justice and would delay resolution of the case.

If the former chapter 7 Trustee's motion to re-convert is granted, Debtor is obligated to file new lists, inventories, schedules, statement of financial affairs pursuant of Bankruptcy Rule 1019(1). Counsel is needed to insure that these obligations are properly met. Furthermore, a new 341(a) hearing will be held where counsel's assistance will be required. In addition Debtor's counsel is needed with respect to the pending appeal of this Court's order of confirmation.

## Conclusion

Mr. Di Iorio's application to withdraw as counsel is both procedurally and substantively defective and should be denied.

Respectfully submitted,

KOPELMAN & KOPELMAN LLP

*/s/ Michael S. Kopelman*
Michael S. Kopelman
MSK/es