**KOPELMAN & KOPELMAN LLP**
*A PARTNERSHIP FOR THE PRACTICE OF LAW*
90 MAIN STREET, SUITE 205
HACKENSACK, NEW JERSEY 07601-7001
TELEPHONE (201) 489-5500
TELECOPIER (201) 489-7755
E-MAIL kopelaw@kopelmannj.com

MICHAEL S. KOPELMAN
   MEMBER NJ AND NY BARS
CAROL WEINFLASH KOPELMAN
   MEMBER NJ BAR

NEW YORK OFFICE
ONE PENN PLAZA, SUITE 2414
NEW YORK, NEW YORK 10119
(212) 629-0733

February 19, 2021

*<u>VIA ECF</u>*
Honorable John K. Sherwood, U.S.B.J.
United States Bankruptcy Court
50 Walnut Street, Courtroom 3D
Newark, NJ 07102

**Re: John Patrick O'Grady, CH 7, Case No. 19-19513-JKS
      Hearing Date: 2/23/2021 at 10:00 a.m.**

Dear Judge Sherwood:

There is a self-explanatory minute entry regarding the outcome of a hearing Your Honor conducted on 1/21/2021 in which both Mr. Di Iorio and his client, John Patrick O'Grady participated which reads in its entirety as follows:

> "Minute of Hearing Held and Continued. OUTCOME: Adjourn motion to convert to February 23. On February 16, 2021 debtor to submit certification under oath setting forth status of payments under both the plan and arrears (related document(s): <u>192</u> Motion to Convert Case from Chapter 11 to Chapter 7 filed by Kopelman & Kopelman LLP) Hearing scheduled for 02/23/2021 at 10:00 AM at JKS – Courtroom 3D, Newark. (mg) (Entered: 01/21/2021)"

On 2/16/21, Mr. Di Iorio submitted a declaration of the Debtor presumably responsive to Your Honor's instruction which merely attaches a copy of his homeowner's policy but fails to address the status of payments under both the plan and arrears. (Doc 205).

At this point in time Debtor is in arrears in payments of his two mortgages for the months October, 2020 through February, 2021, and has failed to make his first plan

payment due for February and submit a certification to the undersigned as to what payments were actually made by February 10, 2021 pursuant to order of confirmation entered December 2, 2020. (Doc 173). Moreover, the Debtor has not submitted proof of payment of the October, 2020 mortgage payment to TIAA Bank that he represented at the 1/21/2021 hearing that he had in fact, paid. It is very telling that the last monthly operating report filed by Debtor was for the month of September, 2020. Had the October monthly operating report been filed, it would have disclosed the lack of payment of the 2 mortgage payments due that month with the likely result that the plan would not have been confirmed. The Court should have no hesitancy in granting the former Chapter 7 Trustee's motion to re-convert case to Chapter 7.

As to Mr. Di Iorio's fees, we agree with the Court's observation that he had a duty to disclose at the time of the 11/10/2020 confirmation hearing or certainly by the time of the 11/18/2020 follow up hearing regarding the Donaldson settlement that Debtor was in arrears of his October 2020 mortgage payments. Had the Court been so informed, it is almost certain that the 12/2/2020 confirmation order would not have been entered.

In our view, in proceeding with confirmation without disclosure of the October, 2020 arrearages, Mr. Di Iorio failed in his duty of candor to the Court required of him as an attorney by R.P.C. 3.3 (a)(2) and (5). The Court was led into error by Mr. Di Iorio's failure to perform his duty.

The question of the amount of Mr. Di Iorio's fees that the Court should approve beyond his $10,000.00 retainer qualifies as a contested matter entitling objector to discovery pursuant to FRBP 9014 (a) and (c) and a contested hearing. *Baker Butt LLP v. Asarco LLC* 576 U.S. 121 (2015). We therefore request that the Court not decide Mr. Di Iorio's fee application at this time but instead enter an appropriate scheduling order.

As to Mr. Hofmeister's fees, we contend that he added nothing of value to this case. His fee application is procedurally defective in that it lacks the narrative required LBR 2016-1 (H) and there is no attempt to demonstrate benefit to the estate of his services.

On October 2, 2020, I requested that Mr. Hofmeister provide the former Chapter 7 Trustee with proof of homeowner's insurance which he ignored. Certification of Michael S. Kopelman, Esq. entered October 13, 2020, Exhibit "B". (Doc 139-2).

On October 5, 2020, I wrote Mr. Hofmeister as follows:

"Dear Mr. Hofmeister:

2

> Further to my e-mail to you of 10/2/2020, in addition to the documents therein requested, please e-mail me formation documents of AJM Passive Energy LLC, ("AJM"), its most recent tax return, its prior 3 years' tax returns, payroll tax returns for AJM and proof of payment of payroll taxes from the date of debtor's bankruptcy filing, 5/9/2019 to the present time. Also, AJM's future contracts or order acknowledgements. In addition, please provide debtor's wife's most recent paystub to verify her income.
>
> I would also appreciate the benefit of your input as to the feasibility of debtor's plan filed 9/21/2020 at your first opportunity as well as your obtaining from Mr. Di Iorio a figure the debtor would voluntarily settle on for payment of my outstanding fees without further court hearings. This would cut down on administration costs. Please note that, without prejudice I estimate additional fees of $5,000.00 since my fee application. Of the $15,000.00 debtor paid the Trustee, I received $12,500.00. The Trustee held back $2,500.00 for his commissions.
>
> I am cc'ing a copy of this e-mail and my previous one to you of 10/2/2020 to Mr. Di Iorio so that he or his office can assist in supplying the documents requested. However, as subchapter v Trustee you have a duty to have these documents on hand and provide them upon request.
>
> Thank you." Certification of Michael S. Kopelman, Esq. entered October 13, 2020, Exhibit "C". (Doc 139-2).

This too was ignored. Had the documents I requested been produced, I doubt very much that Your Honor would have confirmed Debtor's Plan.

The only time Mr. Hofmeister was active was at the confirmation hearing when he requested that Your Honor excuse him from monitoring payments of the Debtor under the plan pursuant to his duties set forth in 11 U.S.C. § 1183 (b).

It is respectfully contended that Mr. Hofmeister's services were worthless and he should be denied his fees *in toto*.

On February 16, 2021, I submitted opposition to Mr. Di Iorio's application to be relieved as counsel (Doc 203) which I incorporate herein by reference.

## Conclusion

For the foregoing reasons, it is respectfully urged that:

A) Motion to Re-convert to Chapter 7 be granted;

B) An appropriate scheduling order regarding Mr. Di Iorio's fee application be entered;

C) Mr. Di Iorio's motion to be relieved as counsel be denied;

D) Mr. Hofmeister's fee application be denied in full.

        Respectfully submitted,

        KOPELMAN & KOPELMAN LLP

        */s/ Michael S. Kopelman*
        Michael S. Kopelman
        MSK/es