**KOPELMAN & KOPELMAN LLP**
*A PARTNERSHIP FOR THE PRACTICE OF LAW*
90 MAIN STREET, SUITE 205
HACKENSACK, NEW JERSEY 07601-7001
TELEPHONE (201) 489-5500
TELECOPIER (201) 489-7755
E-MAIL kopelaw@kopelmannj.com

MICHAEL S. KOPELMAN
  MEMBER NJ AND NY BARS
CAROL WEINFLASH KOPELMAN
  MEMBER NJ BAR

NEW YORK OFFICE
ONE PENN PLAZA, SUITE 2414
NEW YORK, NEW YORK 10119
(212) 629-0733

March 22, 2021

***VIA ECF***
Honorable John K. Sherwood, U.S.B.J.
United States Bankruptcy Court
50 Walnut Street, Courtroom 3D
Newark, NJ 07102

**Re: John Patrick O'Grady, CH 7, Case No. 19-19513-JKS**
     **Hearing Date: 3/23/2021 at 10:00 a.m.**

Dear Judge Sherwood:

Kopelman & Kopelman LLP represents John W. Sywilok, former Chapter 7 Trustee of Debtor John Patrick O'Grady and is the holder of an allowed administrative claim.

On January 21, 2021, Your Honor issued a Minute Order as follows: "Adjourn motion to convert to February 23. On February 16, 2021 debtor to submit certification under oath setting forth status of payments under both the plan and arrears …". Debtor submitted nothing.

On February 23, 2021, Your Honor issued a Minute Order as follows: "Adjourn this hearing to 3/23/21 at 10:00 a.m. By 3/19/21 the debtor is to submit a declaration outlining payments made. He is to be current by the hearing or the case will be converted to Chapter 7." Debtor has again submitted nothing.

I anticipate that this case will be re-converted to Chapter 7 by the Court tomorrow. Also on the docket tomorrow are application by Shapiro, Croland, Reiser,

Appel and Di Iorio, LLP to Withdraw as Debtor's Counsel and fee applications of Mr. Di Iorio and Brian W. Hofmeister, Esq., Chapter 11 Trustee.

I hereby reiterate our opposition to debtor's counsel being relieved as counsel as set forth in our letter brief dated 2/16/2021. (Doc 203). As therein stated, if the case is re-converted, further services of debtor's counsel is required to insure that debtor's updated schedules are filed as required and that they are truthful and accurate and to insure that debtor appear at post conversion 341a hearing represented by counsel. If Mr. Di Iorio is allowed to withdraw at this time, it is like a hit and run driver being permitted to flee the scene of an accident without receiving a ticket by the police.

As to Mr. Di Iorio's fees, unless he withdraws his fee request beyond the $10,000.00 retainer he received, we request the opportunity for discovery and a plenary hearing. From the time Mr. Di Iorio entered the case, it was apparent that the purpose of Mr. O'Grady's foray into Chapter 11 was to stall and his Chapter 11 plan illusory and futile. The issue of when Mr. Di Iorio knew or should have known that his client was operating in bad faith in proposing and confirming his immediately defaulted plan is of critical importance in assessing Mr. Di Iorio's fee request.

As to Mr. Hofmeister's fee request, as we pointed out in our letter brief of 2/19/2021 (Doc 206), his fee application is both procedurally and substantively deficient.

## Conclusion

For the foregoing reasons, it is respectfully urged that the former Chapter 7 Trustee's motion to reconvert to Chapter 7 be granted; that the application of Shapiro, Croland, Reiser, Appel and Di Iorio to Withdraw as Debtor's Counsel be denied, that an appropriate scheduling order be entered with respect to Mr. Di Iorio's fee request in the event it is not withdrawn and that Mr. Hofmeister be awarded 0 for his services herein.

Respectfully submitted,

KOPELMAN & KOPELMAN LLP

*/s/ Michael S. Kopelman*

Michael S. Kopelman, Esq.