

**GENOVA BURNS**
ATTORNEYS-AT-LAW

Genova Burns LLC
110 Allen Rd., Ste. 304
Basking Ridge, NJ 07920
Tel: 973.467.2700  Fax: 973.467.8126
Web: www.genovaburns.com

Scott S. Rever, Esq.
Counsel
Member of the NJ & PA Bar
srever@genovaburns.com
Direct: 973-387-7801

July 16, 2021

*By ECF and Electronic Mail*

Honorable John K. Sherwood
United States Bankruptcy Judge
United States Bankruptcy Court
POB 1352
Newark, New Jersey 07102

    Re:   **John Patrick O'Grady**
           **Case no.: 19-19513 JKS**
           **Hearing Date: July 20, 2021, 10:00 a.m.**
           **Motion to Approve Settlement**
           **Our file no.: 24671.001**

Dear Judge Sherwood:

    This office represents Barry Donaldson ("Donaldson"), a creditor in the above referenced bankruptcy case. Please accept this letter in lieu of a more formal reply to the objections filed by Kopelman & Kopelman ("Kopelman") and TIAA, FSB to my client's settlement with the Chapter 7 Trustee.

    First of all, TIAA's objection is that its secured claim should be paid ahead of any payment to Donaldson pursuant to the settlement. The Settlement Agreement provides that Donaldson will be entitled to 45% of the net proceeds of sale of the property after certain payments are made, including the payments to TIAA on its secured claim. Accordingly, the settlement provides for what TIAA is seeking and therefore its objection is a nullity.

    As to Kopelman, as an initial matter, Kopelman misconstrues the priority and amount of his allowable claim in the case and the allowable claims of other parties. Specifically, Kopelman says he has an allowed administrative claim in the amount of $27,404.24 with an unpaid balance of $14,654.24. Since a Chapter 11 Plan was confirmed in this case on December 2, 2020, and then the case was converted, Kopelman's claim is merely a general unsecured claim in the converted Chapter 7 case. See In re Benjamin Coal Company, 978 F2d 823, 827 (3rd Cir. 1992) (when

Newark, NJ   New York, NY   Camden, NJ   Tinton Falls, NJ   Philadelphia, PA   Jersey City, NJ   Basking Ridge, NJ

GENOVA
BURNS
ATTORNEYS-AT-LAW

Honorable John K. Sherwood
Re: Case No. 19-19513
July 16, 2021

PAGE 2

Chapter 11 Plan is confirmed administrative creditor no longer has administrative claim but rather has a contractual claim which is a general unsecured claim in a converted Chapter 7 case).

Moreover, Kopelman's argument that this Court cannot approve the settlement by and between my client and the Trustee because of his pending appeal of the Confirmation Order lacks any merit whatsoever. First of all, Kopelman made this argument to the District Court in response to my request to extend the time to file an Appellate Brief, and the District Court rejected Kopelman's argument and indicated that the parties are required to inform the District Court of the outcome of this settlement motion within seven (7) days after the hearing. See Exhibit "A". Moreover, the issue on appeal is whether the Confirmation Order should be reversed. The settlement between my client and the Trustee resolves the Trustee's appeal of that issue, however the settlement doesn't prevent Kopelman from continuing with his appeal of the Confirmation Order if he wishes to do so. Accordingly, the settlement of this matter does not adversely impact the District Court's jurisdiction or ability to determine Kopelman's appeal of the Confirmation Order.

Moreover, Kopelman's assertion that he has an administrative claim in the case in the amount of $124,983.24 is ludicrous. While Kopelman has a general unsecured claim for time incurred in connection with his prior representation of the Chapter 7 Trustee, the majority of Kopelman's alleged administrative claim is for time he spent objecting to things in the Chapter 11 case to advance his position as a creditor in the case. It is basic horn book law that when a Chapter 7 case is converted to Chapter 11, the Trustee is terminated and accordingly, Trustee's counsel cannot be paid for time incurred to advance his own interest as a creditor during the Chapter 11 case. Accordingly, Kopelman's claim in the case is substantially less than asserted. Moreover, Kopelman references a claim filed by Thomas Colitsas & Associates, P.A. asserting an administrative claim in the amount of $2,857.50. It is my understanding that this accountant was utilized by Kopelman is his capacity as a creditor in objecting to confirmation of the Debtor's Plan. It is my understanding this firm was never retained by Court Order by the Trustee or the Debtor and therefore, that claim is not a claim in this case entitled to payment from estate assets.

As indicated, my client had a perfected lien by virtue of a judgment and levy on the real estate. While the Trustee disputed the validity of my client's lien, after this case was converted to Chapter 11, my client and the Debtor reached an agreement regarding the treatment of the claim which was approved in connection with the confirmation of the Debtor's Plan over the Trustee's and Kopelman's objection. While the parties can dispute whether my client's lien is perfected, the confirmed Plan, and now the settlement between my client and the Trustee resolves these issues, fixes my client's claim for which he is to receive 45% of the net proceeds of sale, making the



Honorable John K. Sherwood
Re: Case No. 19-19513
July 16, 2021

PAGE 3

balance of the sale proceeds available for payment of the Debtor's other creditors. The big benefit to the estate and other creditors is that my client has agreed that the balance of his claim of approximately $1,900,000.00 will be subordinated to the claims of the other creditors in the case, allowing significant payments to be made to other creditors. If my client's claim was not subordinated, based on the amount of my client's claim, payments to other creditors would be diminimus. Accordingly, it is clear that this settlement is in the best interest of creditors and the bankruptcy estate as it resolves the Trustee's Appeal, eliminates the accrual of additional attorney's fees, and allows funds to be paid to other creditors of the Bankruptcy Estate. Accordingly, the settlement satisfies the Martin factors enunciated by the Third Circuit Court of Appeals.

Lastly, this Court should be aware that I have been advised that the Trustee has recently entered into an agreement to sell the property for $1,190,000.00 which is much more than was originally expected, and which will provide proceeds to both my client and the other creditors of the bankruptcy estate. Approval of the settlement will expedite the administration of this Bankruptcy case and distributions to creditors.

I thank the Court for its consideration of the foregoing.

Respectfully submitted,

GENOVA BURNS LLC

SCOTT S. REVER

SSR:lld
Enc.

cc:   Michael Kopelman, Esq. (kopelaw@kopelmannj.com)
cc:   John Sywilok, Esq. (sywilokattorney@sywilok.com)
cc:   Ronald I. Bell (ronaldibell@chelmsfordlaw.com)