**KOPELMAN & KOPELMAN LLP**
*A PARTNERSHIP FOR THE PRACTICE OF LAW*
90 MAIN STREET, SUITE 205
HACKENSACK, NEW JERSEY 07601-7001
TELEPHONE (201) 489-5500
TELECOPIER (201) 489-7755
E-MAIL kopelaw@kopelmannj.com

| | |
|---|---:|
| **MICHAEL S. KOPELMAN** | NEW YORK OFFICE |
| MEMBER NJ AND NY BARS | ONE PENN PLAZA, SUITE 2414 |
| **CAROL WEINFLASH KOPELMAN** | NEW YORK, NEW YORK 10119 |
| MEMBER NJ BAR | (212) 629-0733 |

July 16, 2021

*<u>VIA ECF</u>*
Honorable John K. Sherwood, U.S.B.J.
United States Bankruptcy Court
50 Walnut Street, Courtroom 3D
Newark, NJ 07102

**Re: John Patrick O'Grady, CH 7, Case No. 19-19513-JKS
        Hearing Date: 7/20/2021 at 10:00 a.m.**

Dear Judge Sherwood:

   Based on my reply certification filed today, (Doc 233), $252,397.58, $138,818.67 or $126,198.79 will be available for the estate if, respectively, the pending appeal succeeds, the settlement is approved or the Court's confirmation order containing the first court imposed Donaldson settlement is affirmed.  It makes a big difference for distribution to creditors what the outcome of the appeal is and almost no difference if the settlement is approved or the Chapter 11 plan controls.

   For the reasons set forth in our opposition filed 7/13/21 (Doc 227) the Court lacks jurisdiction to approve the Sywilok/Donaldson Settlement Agreement attached as Exhibit "A" to the motion.

   Alternatively, it makes good practical sense *not* to approve the proposed settlement at this time.  In reserving decision on Shapiro Croland's and Brian W. Hofmeister Esq.'s fee applications Your Honor stated that the available money for distribution to professionals should be on the table, (i.e., after a sale occurs) before a decision regarding fees would be made by the Court.  It is premature to approve the proposed settlement at this time.  There is no contract, court approval thereof or

closing as yet. It makes much more sense to hold in abeyance approval of the proposed compromise until the outcome of the appeal is determined. There is no prejudice to any party to do so. After the appeal is determined and the sale consummated the parties and the Court will be in position to know how much money is on the table to be divided.

Approving the Sywilok/Donaldson Settlement now would only invite further litigation. First, there is an adversary proceeding pending regarding Debtor's $22,975.00 homestead exemption which has not been resolved. Your Honor will recall that at the hearing on the Trustee's motion to reconvert which took place on March 23, 2021, Debtor appeared and represented that he had made his mortgage payments since October, 2020. In fact, he had not. Debtor has unclean hands. Debtor should not be allowed to benefit from the proposed settlement by limiting his exposure to Donaldson to $250,000.00 on Donaldson's objection to discharge claim which was negotiated on the basis that Donaldson would receive 50% of the net proceeds of sale as set forth in the confirmation order.

¶3b of the proposed settlement agreement states that the Trustee will receive his full commission, then the IRS will receive approximately $17,000.00 on its priority claim, with the balance paid pro rata to the professionals and unsecured creditors. This division violates the priorities set forth in 11 U.S.C. §507 and thus violates the absolute priority rule. *Czyewski v. Jevic Holding Corp.*, 137 S. Ct. 973 (2017). Approval of the settlement would cause confusion and invite further litigation.

Mr. Rever's comments about my and Mr. Colitsas' administrative claims are premature and should not be entertained until final fee applications are filed.

Mr. Rever's statement at p. 2 of his 7/16/21 letter that Donaldson "had a perfected lien by virtue of a judgment and levy on the real estate" utterly lacks merit as set forth in my District Court brief attached as Exhibit "A" to my objection.

## Conclusion

For the foregoing reasons, the Court should not approve the settlement because it lacks jurisdiction. Alternatively, it should not consider the settlement proposed until the pending appeal is determined.

Respectfully submitted,

KOPELMAN & KOPELMAN LLP

*/s/ Michael S. Kopelman*

Michael S. Kopelman, Esq.

2