UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

KOPELMAN & KOPELMAN LLP
90 Main Street, Suite 205
Hackensack, NJ 07601
Tel: 201 489-5500
Fax: 201489-7755
Michael S. Kopelman, Esq. (MSK 6104)
*Attorneys for John W. Sywilok, Chapter 7 Trustee*

| | |
|---|---|
| In Re: | CHAPTER 7 |
| | CASE NO. 19-19513 |
| JOHN PATRICK O'GRADY | JUDGE: John K. Sherwood |
| Debtor | Hearing Date: 2/1/2022 at 10:00 a.m. |

**CERTIFICATION OF MICHAEL S. KOPELMAN, ESQ.**

I, Michael S. Kopelman, hereby certify and say:

1.  I am a member in good standing of the bar of the State of New Jersey, a member of the law firm Kopelman & Kopelman LLP, holder of an administrative claim herein, former counsel to John W. Sywilok Chapter 7 Trustee herein and am personally and fully familiar with the facts hereinafter set forth.

2.  On September 7, 2018 a final judgment in foreclosure regarding property located at 91 Midvale Mountain Road, Mahwah, New Jersey 07430 in favor of TIAA, FSB's ("TIAA") predecessor Ever Bank and against the Debtor herein John Patrick O'Grady in the amount of $544,068.68 together with lawful interest from 7/13/2018 on the total sum due Plaintiff, together with cost of this suit to be taxed and counsel fee of

$5,590.68 was entered by Hon. Edward A. Jerajian, J.S.C. A copy of said final judgment of foreclosure is attached hereto as **Exhibit A**.

3. On 12/9/21 I requested of Ms. Narat Ros, who had provided a payoff of the TIAA loan, a loan history from inception to date showing date and amount of all interest rate changes and reflecting all payments made. I sent reminders to her to please follow through and respond to my request on 12/15/21, 12/23/21 and 1/4/22.

4. On 1/6/22 I received a deficient payoff calculation from James French, Esq. attorney for TIAA FSB Bank. A copy of said payoff calculation is attached hereto as **Exhibit B**. The Court will note that no loan history was provided as requested reflecting all payments made from inception of the loan to date. Nor does it appear that all interest rate changes were provided.

5. On 1/19/22, the morning of a scheduled deposition pursuant to subpoena of James French, Esq. I received a pdf file which was impossible to read. Nevertheless, I questioned Mr. French about it as best I could.

6. Mr. French testified that the entry of a final judgment of foreclosure was an event of legal significance. By operation of law it changes the rate of interest on the mortgage loan from that stated in the loan documents to the lawful post-judgment rate of interest established by New Jersey Law. Mr. French testified that lawful post judgment interest rate in 2018 was 0.5%. He claimed he did not know the legal post judgment interest rate thereafter. It is, in fact, 1.50 % in 2019; 2.50% in 2020; 1.50% in 2021 and 0.25% in 2022.

7.   Mr. French further testified that TIAA Bank had received the following post-petition payments from the Debtor, pursuant to order of this Court.

- 5/1/20: $5,255.29
- 5/14/20: $5,255.29
- 6/11/20: $5,255.29
- 9/3/20: $5,283.97
- 10/2/20: $5,283.97
- 10/29/20: $5,283.97

   Total: $31,617.78

8.   Paragraph 4 of Mr. French's certification filed 1/4/22 (Doc 262) states: "The current payoff amount for Secured Creditor, TIAA FSB's mortgage loan in this matter is $668,221.37, which figure is good through January 31, 2022". No back-up is provided. Said payoff figure is inaccurate.

9.   The lawful interest on the judgment in 2018 was $775.11; 2019 $8,161.03; 2020 $13,601.72; 2021 $8,161.03; and 2022 $115.52. Adding the principal balance of the foreclosure judgment and the post judgment interest due thereon through 1/31/22 is, in fact $574,883.09 plus a counsel fee of $5,590.68 for a total of $580,473.77 less the post-petition payments made by the Debtor $31,617.78 leaving a grand total of $548,855.99 in contrast to the payoff provided by Mr. French of $668,221.37. In addition, per final judgment, TIAA is entitled to "lawful interest from 7/13/2018 on the total sum due Plaintiff, together with cost of this suit to be taxed", which amounts are unknown.

3

10. The Trustee is also entitled to surcharge TIAA's collateral pursuant to 11 U.S.C. §506 (c) for heating fuel of $2000 or more paid for by the Trustee out of pocket, water well treatment of $600 or more, cleanup cost of $5,000 as the Debtor has not complied with this Court's order of 10/21/21 (Doc 25 of Adversary) to leave the premises in broom clean condition and real estate taxes that may have accrued to date of closing, all of which are reasonable, necessary costs and expenses of preserving or disposing of TIAA's collateral and which, in fact, benefit TIAA.

WHEREFORE, for the foregoing reasons, Kopelman & Kopelman LLP, although not objecting to the Trustee's application for approval of the sale, objects to the payoff amount submitted on behalf of TIAA and objects to TIAA being paid in full from the proceeds of the sale until the correct amount of money due it is agreed or determined by the Court if necessary.  If the parties cannot agree, it is respectfully requested that the Court set this matter down for a contested hearing on a convenient date within a reasonable time.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: January 25, 2022                              /s/ Michael S. Kopelman
                                                     Michael S. Kopelman, Esq.