

Genova Burns LLC
110 Allen Rd., Ste. 304
Basking Ridge, NJ 07920
Tel: 973.467.2700  Fax: 973.467.8126
Web: www.genovaburns.com

Scott S. Rever, Esq.
Counsel
Member of the NJ & PA Bar
srever@genovaburns.com
Direct:  973-387-7801

January 31, 2022

By ECF and Electronic Mail
Honorable John K. Sherwood
United States Bankruptcy Judge
United States Bankruptcy Court
50 Walnut Street, POB 1352
Newark, NJ 07102

      **Re:**    **John Patrick O'Grady**
             **Case no.: 19-19513 JKS**
             **Motion to Sell Property-Motion for a stay pending appeal**
             **Hearing Date:  February 1, 2022, 10:00 a.m.**
             **Our file no.: 24671.001**

Dear Judge Sherwood:

      This office represents Barry Donaldson ("Donaldson"), a creditor in the above reference matter. Please accept this letter in lieu of a more formal objection to Kopelman's motion for a stay pending appeal. Kopelman's first point that the order approving the settlement contemplated that no distributions to Donaldson should be made until the appeal was decided is patently false. As your Honor may recall, Kopelman argued in opposition to the motion to approve the settlement by and between my client and the Trustee, that your Honor lacked jurisdiction to approve the settlement because it allegedly interfered with the District Court's jurisdiction over the appeal. Your Honor rejected that argument and as a result, specifically indicated that Kopelman could proceed with his appeal notwithstanding the approval of the settlement. Kopelman's position that it was your Honor's intention by putting that language in the Order that your Honor wanted the appeal to be decided before any distribution to Donaldson lacks any merit whatsoever.

      This is further supported by the fact at the hearing on the settlement motion, Kopelman asked your Honor for a stay pending appeal to which your Honor advised Kopelman to file a

motion. Kopelman did not timely file a motion for a stay, but rather filed it more than four months later on short notice in response to Donaldson's response to the Trustee's sale motion.

Kopelman's argument that the settlement order contemplated a stay pending appeal is simply not true.

Moreover, Donaldson objects to the entry of an order staying the settlement order pending the determination of Kopelman's appeal. Kopelman has not met his burden to make a strong showing of the likelihood of success on the merits, that the appellant would suffer irreparable injury absent a stay, that a stay would not substantially harm Donaldson and that the stay is in the public interest.

First of all, as to Kopelman's argument on the likelihood of success on appeal, the standard of review on a motion to approve a settlement is an abuse of discretion. In re: Martin, 91 F3d. 389, 391 (3rd Cir. 1995). Accordingly, your Honor would have to determine that the District Court would find that your ruling constituted an abuse of your Honor's discretion. Kopelman has not met his burden as he has not addressed the standard for approval of settlements as set forth in In re: Martin, 91 F3d 389 (3rd Cir. 1995), and how this standard was not met. Kopelman simply restates he is correct on the underlying issues without addressing the settlement at all. Not to rehash the facts in support of the settlement, I note your Honor recognized that the cost of litigation, the amount of the sale proceeds in dispute, and that the ability of the Bankruptcy Estate to receive proceeds from the sale notwithstanding Donaldson's significant lien provided strong support for the approval of the settlement. I cannot fathom any basis by which the District Court could rule that your Honor abused your discretion in approving the settlement by and between Donaldson and the Trustee.

Furthermore, Kopelman will not suffer irreparable harm as his chance of success on the appeal is zero. There is significant harm to Donaldson in the event the settlement order is stayed. As your Honor may recall, Donaldson's claim in the case was $1,900,000.00 and it was alleged that he was defrauded by the Debtor. As part of the bargained for exchange with the Trustee as memorialized in the settlement, Donaldson not only agreed to reduce his interest in the net proceeds of sale from what was approved in the confirmed plan, but he also agreed to subordinate the balance of his claim to that of other creditors so other creditors could receive a distribution in this case. In return for that bargain, the Trustee agreed and this Court approved, the settlement through which Donaldson was to be paid 45% of the sale proceeds at closing. In the event that your Honor stays the settlement order, Donaldson loses the benefit of his bargain as the Trustee's agreement to pay Donaldson at closing was a material inducement to him reducing the amount he was to receive from the sale proceeds and the subordination of his claim. Accordingly, staying the settlement order and not allowing payment to Donaldson at closing will serve as a modification of a material term of the settlement that was approved by this Court.



Lastly, granting a stay does not further the public interest. Kopelman states that this element is satisfied because he thinks he raised some novel issue of law however, I do not believe this satisfies the public interest standard nor could it be further from the truth. Kopelman's interpretation of the New Jersey Court Rule he cited for the proposition that an order of the Superior Court is required before a judgment creditor can levy on real estate is incorrect based upon a plain reading of the rule. Moreover, it is clearly not in the public interest to delay the administration of a bankruptcy case and distributions to all creditors due to a meritless appeal. Accordingly, Kopelman's burden to prove a stay serves the public interest has not been met.

For the foregoing reasons, Donaldson respectfully submits that the order approving the settlement should not be stayed pending appeal.

Respectfully submitted,

**GENOVA BURNS LLC**

*/s/   SCOTT S. REVER*
SCOTT S. REVER

SSR:drm
cc:     cc:     Michael Kopelman, Esq. (kopelaw@kopelmannj.com)
cc:     John Sywilok, Esq. (sywilokattorney@sywilok.com)
cc:     Ronald I. Bell (ronaldibell@chelmsfordlaw.com)
cc:     James French, Esq. (jfrench@mwc-law.com)