

John P. Di Iorio
Partner
jdiiorio@shapiro-croland.com
Member NJ and NY Bar

February 9, 2022

**Via ECF**
Hon. John K. Sherwood, U.S.B.J.
United States Bankruptcy Court Newark
M.L. King, Jr. Federal Building & Courthouse
50 Walnut Street – 3rd Floor
Newark, NJ 07102

      Re:    **John Patrick O'Grady**
               **Case No.: 19-19513-JKS**
               **Application Of Shapiro Croland For Allowance Of Compensation As Counsel To Debtor**

Dear Judge Sherwood:

     We represented Debtor in his chapter 11 bankruptcy proceeding, converted from chapter 7 and thereafter reconverted to chapter 7. On December 8, 2020, we filed an application for compensation and reimbursement of expenses as counsel to the Debtor. In addition, the Subchapter V Trustee, Brian Hofmeister, filed his application for compensation. Kopelman & Kopelman LLP objected to both fee applications. The Court previously adjourned, without date, the hearing on our firm's fee application and the fee application of Mr. Hofmeister pending a sale of Debtor's property.

     Additionally, Kopelman & Kopelman LLP previously filed an application for compensation as counsel to the Chapter 7 Trustee in the originally filed chapter 7 case. We objected to that application. The Court previously signed an order granting the application of Kopelman & Kopelman LLP, in part, and deferring further consideration of the remainder of the amounts sought in the application.

_____
Counsellors at Law | A Limited Liability Partnership Including Professional Corporations
411 Hackensack Avenue, Hackensack, NJ 07601, tel 201-488-3900, fax 201-488-9481
www.shapiro-croland.com

2161302.1

Hon. John K. Sherwood, U.S.B.J.
February 9, 2022
Page 2

On February 8, 2022, Your Honor entered an order authorizing the sale of Debtor's property. Accordingly, we are respectfully requesting that the Court schedule a hearing on our firm's fee application and the fee applications of Mr. Hofmeister and Kopelman & Kopelman LLP.

We are aware that Kopelman & Kopelman LLP continued to file pleadings in its capacity as an administrative claimant although not retained as a professional in the chapter 11 case or the reconverted chapter 7 case by the Chapter 7 Trustee of Debtor, and therefore is not entitled to an administrative claim for an allowance of compensation with regard to the chapter 11 case or the reconverted chapter 7 case.

In that regard, we wish to point out that the fees awarded to Kopelman & Kopelman LLP, this firm and Mr. Hofmeister should receive a pro rata distribution of amounts available for administrative claims and the fees of Mr. Kopelman should not be allowed with regard to any work performed in the chapter 11 or chapter 7 reconverted case in which he did not represent anyone other than his own firm as a potential administrative creditor and therefore is not entitled to compensation for any such fees incurred. Furthermore, the allowances to professionals should be paid pro rata and Kopelman & Kopelman LLP is not entitled to any priority of payment with regard to the fees it is allowed in the originally filed chapter 7 case. In that regard, section 726(b) of the Bankruptcy Code provides, in pertinent part, that payment of administrative claims shall be made pro rata among the claims except that in a case that has been converted *to* chapter 7 under section 1112, 1208 or 1307, administrative claims incurred under chapter 7 after such conversion has priority over administrative claims allowed under this title incurred under any other chapter or under this chapter before such conversion. Stated differently, chapter 7 administrative claims only have priority in a case that was converted from chapter 11. In the instant matter, the case was converted from chapter 7 *to* chapter 11 and then back to chapter 7. There is, thus, no priority for payment of administrative claims incurred in the original chapter 7 case and Kopelman & Kopelman has no administrative claim for services rendered in the converted chapter 7 case. Instead, only administrative claims in the reconverted chapter 7 case, where Kopelman & Kopelman LLP was not retained, have priority. Therefore, the administrative claims of professionals for services rendered by Kopelman & Kopelman in the original chapter 7 case, this firm and Mr. Hofmeister are entitled to be paid pro rata.

Thank you for your consideration.

Respectfully submitted,

ShapiroCroland

*John P. Di Iorio*

John P. Di Iorio

JPD:dmm
cc:  Brian Hofmeister, Esq. (via ECF)
     Michael Kopelman, Esq.(via ECF)