

Genova Burns LLC
110 Allen Rd., Ste. 304
Basking Ridge, NJ 07920
Tel: 973.467.2700  Fax: 973.467.8126
Web: www.genovaburns.com

Scott S. Rever, Esq.
Counsel
Member of the NJ & PA Bar
srever@genovaburns.com
Direct:  973-387-7801

April 14, 2022

<u>By ECF and Electronic Mail</u>
Honorable John K. Sherwood
United States Bankruptcy Judge
United States Bankruptcy Court
POB 1352
Newark, New Jersey 07102

**Re:    John Patrick O'Grady**
**Case no. 19-19513 JKS**
**Hearings on fee applications**
**Hearing Date: April 26, 2022 at 10:00 a.m.**
**Our file no. 24671.001**

Dear Judge Sherwood:

This office represents Barry Donaldson ("Donaldson"), a creditor in the above referenced matter.  Please accept this letter in response to the fee applications of Shapiro Croland, Brian Hofmeister, Esq., and Kopelman & Kopelman scheduled for a hearing on April 26, 2022.

As your Honor is aware, this case was originally filed as a Chapter 7 and thereafter was converted to a Subchapter V Chapter 11 case.  During the Subchapter V case, a plan was confirmed and thereafter, the case was re-converted to Chapter 7. The only asset of significance in this case was the debtor's residence, which has now been sold by the Trustee.  The Trustee has indicated that there are net proceeds of $198,809.56. My client has asserted a secured claim on the real estate pursuant to a judgment and levy and is owed approximately 1.9 million dollars. The debtor reached a settlement with Donaldson which was memorialized in the confirmed Plan, however the confirmation order was appealed by the Trustee, and individually by Mr. Kopelman, the Trustee's former counsel. Subsequent to the appeal, the Trustee and Donaldson entered into a settlement through which Donaldson agreed to accept 45% of the net proceeds of sale ($89,464.30) to be paid

Document    Page 2 of 3

at closing, which resolved the Trustee's appeal of the confirmation order. Kopelman individually also appealed this settlement. In light of the foregoing, your Honor entered an order approving the sale of the property, which precluded Donaldson from being paid at closing, and your Honor scheduled a hearing on that issue for April 5, 2022, which was adjourned to April 26, 2022.

Since that time, the District Court affirmed your Honor's entry of the Confirmation Order and the Order on the Trustee's settlement with Donaldson. The Order on the appeals is not final as of this date.

In the meantime, Shapiro and Croland and Subchapter V Trustee Hofmeister are rightfully seeking an order allowing their fees in this case, however there may be no proceeds from which to pay them.

If your Honor's orders are not overturned, then Donaldson is entitled to 45% of the net proceeds of sale and 55% of the net proceeds is available for payment to other creditors including the fees requested pursuant to the pending fee applications. Since this Court's orders were affirmed by the District Court, Donaldson requests that the Trustee turn over the sum of $89,464.30 to him pursuant to the settlement. If the orders are overturned, then we are back to square one with Donaldson asserting a secured claim in the proceeds of the property in the amount of 1.9 million dollars and that matter will have to be litigated. In the event that my client's lien is upheld, my client would be entitled to 100% of the net proceeds of the sale and there would be no funds available to pay the fee requests pending before your Honor.

In the event that the Confirmation Order is upheld and the Settlement Order is reversed, then pursuant to the Plan, Donaldson is entitled to 50% of the net proceeds of sale as set for in the confirmation order and the balance of all parties' claims including Kopelman's claim, the claim of Shapiro Croland and the Subchapter V Trustee are all treated as general unsecured claims along with the balance of Donaldson's claim to be paid pro rata with all the debtor's creditors pursuant to the Third Circuit's decision in <u>In re: Benjamin Coal Company</u>, 978 F2d. 823, 827 (3rd Cir. 1992). In <u>Benjamin Coal</u>, the Third Circuit held that when a Chapter 11 plan is confirmed, administrative creditors no longer have administrative claims but rather have a contractual claim which are general unsecured claims in a converted Chapter 7 case.

Donaldson further supports the position of Shapiro Croland and the Subchapter V Trustee that Kopelman may only assert fees for his representation of the Trustee during the initial Chapter 7 period. During the Chapter 11 case, Kopelman was not representing a Chapter 7 Trustee as there was no longer a Chapter 7 Trustee in place. All of his efforts objecting to almost everything were done to protect his fees in the case personally and were not for the benefit of the bankruptcy estate as a whole. Moreover, when the case was ultimately re-converted to Chapter 7, the Trustee had filed an application to retain Kopelman as his counsel in the converted Chapter 7 case but then

Newark, NJ • New York, NY • Camden, NJ • Lambertville, NJ • Philadelphia, PA • Jersey City, NJ • Basking Ridge, NJ



withdrew that application as I advised the Trustee of my intention to object to the retention pursuant to <u>Benjamin Coal</u>, on the basis that Kopelman had a general unsecured claim in the case and was no longer disinterested as required to be retained as counsel to the Trustee. As a result, Kopelman should not be entitled to any fees incurred during the Chapter 11 case and after conversion of the case to Chapter 7, as he was not representing the Trustee or the bankruptcy estate and all his efforts were undertaken to protect his own fees.

      I thank the Court for its consideration of the foregoing.

      Respectfully submitted,

**GENOVA BURNS LLC**

*/s/ SCOTT S. REVER*
SCOTT S. REVER

SSR:drm
cc:    Office of the U.S. Trustee (by email)
        Michael Kopelman, Esq. (by email kopelaw@kopelmannj.com)
        John Sywilok, Esq. (by email sywilokattorney@sywilok.com)
        Brian Hofmeister, Esq. (by email bwh@hofmeisterfirm.com)
        John P. DiIorio, Esq. (by email jdiiorio@shapiro-croland.com)
        Ronald I. Bell, Esq. (by email ronaldibell@chelmsfordlaw.com)