# ShapiroCroland

Shapiro, Croland, Reiser, Apfel & Di Iorio, LLP

John P. Di Iorio
Partner
jdiiorio@shapiro-croland.com
Member NJ and NY Bar

April 19, 2022

**Via ECF**
Hon. John K. Sherwood, U.S.B.J.
United States Bankruptcy Court Newark
M.L. King, Jr. Federal Building & Courthouse
50 Walnut Street – 3rd Floor
Newark, NJ 07102

      Re: **John Patrick O'Grady**
           **Case No.: 19-19513-JKS**
           **Final Application of Shapiro, Croland, Reiser, Apfel & Di Iorio, LLP**
           **For Allowance of Compensation and Reimbursement of Expenses as Counsel**
           **to Debtor Pursuant to 11 U.S.C. §330**
           **Hearing Date: April 26, 2022 at 10:00 a.m.**

Dear Judge Sherwood:

    Please accept this letter in response to the letter dated April 14, 2022 filed by counsel for creditor, Barry Donaldson ("Donaldson"), in response to the above fee application filed by this firm. As Donaldson has advised the Court, Your Honor's Orders confirming Debtor's Amended Plan (the "Confirmation Order"), and following conversion of the case, approving Donaldson's settlement with the Chapter 7 Trustee (the "Settlement Order") have been affirmed on appeal. Based thereon, Donaldson is entitled as he asserts to 45% of the net proceeds of sale realized from Debtor's home equaling $89,364.30 and the remaining 55% of the net proceeds equaling $109,345.26 are available to the estate for payment of other creditors, including any allowance of compensation made to this firm.

    No doubt predicated upon the objections by Kopelman & Kopelman to everything in this case, other than applications filed by Kopelman & Kopelman, Donaldson addresses a hypothetical relating to a reversal of the Settlement Order and an affirmance of the Confirmation Order. In that regard, Donaldson argues that if that should occur, Donaldson would be entitled to 50% of the net proceeds of sale and the balance of the parties' claims, including administrative professional fee allowances, would be treated as general unsecured claims together with the balance of Donaldson's claim to be paid pro rata with the Debtor's other unsecured creditors. Donaldson predicates his conclusion regarding distributions under the hypothetical presented based upon the Third Circuit's decision in In Re Benjamin Coal Company, 978 F.2d 823, 827 (3d Cir. 1992). Donaldson is incorrect for two reasons.

Counsellors at Law | A Limited Liability Partnership Including Professional Corporations
411 Hackensack Avenue, Hackensack, NJ 07601, tel 201-488-3900, fax 201-488-9481
www.shapiro-croland.com

2173081.1

Hon. John K. Sherwood, U.S.B.J.
April 19, 2022
Page 2

First, the decision in Benjamin Coal was predicated upon the fact that the Debtor received a discharge upon confirmation of the plan. Under that circumstance, the Third Circuit held that upon confirmation each creditor gets a "new" claim, based upon whatever treatment is accorded to it in the plan itself, and the claimant's remedies are limited to the usual remedies for the type of claim granted by the plan's provisions.

Here, Debtor did not receive a discharge upon confirmation of the Plan. Instead, the Plan provides, consistent with the Bankruptcy Code, that if the Plan is confirmed under section 1191(b), the Debtor is discharged upon completion by the debtor of all payments due under the Plan (Document No. 153). As the Court is aware, Debtor did not make payments under the Plan.

In the instant matter, the Order confirming the Plan (Document No. 173) provides that it is confirmed pursuant to 11 U.S.C. §1191, without specifying whether it is subsection (a) or (b). In the case at bar, the Plan contains three classes of secured creditors: TIAA, Bank of America and Donaldson. It also provides for a class of unsecured creditors. As set forth in the Certification of Balloting (Document No. 153), TIAA voted its class one claim to reject the Plan and no votes were cast by the holder of the Class 2 Bank of America secured claim or the holders of general unsecured claims, both of which classes are impaired. Accordingly, the Plan did not satisfy the requirements for confirmation set forth in section 1191(a) because each impaired class did not accept the Plan and was confirmed, instead, pursuant to section 1191(b) of the Bankruptcy Code, which allows for confirmation even if a plan is not accepted by each impaired class.

Second, while understanding that the Donaldson response addresses a hypothetical reversal of the Settlement Order, the settlement approved pursuant to that Order provides for a distribution to administrative creditors, including professionals granted allowances of compensation, prior to distribution to Donaldson on account of his deficiency claim. A copy of the Order Approving Settlement and Exhibit A thereto is attached hereto as Exhibit 1. Therefore, pursuant to the Settlement Order, administrative creditors, including this firm, are entitled to payment before Donaldson receives any additional money in excess of 45% of the net proceeds of sale on account of his claim.

Furthermore, for the reasons discussed below, the provisions of the Settlement Order which went beyond approving the Donaldson settlement with the Trustee and providing a distribution order for estate funds, including payment of the priority claim of the IRS, before allowed administrative claims should be amended. This firm filed its fee application on December 8, 2020 (Document No. 178) and, pursuant to an Order entered by this Court, was relieved as counsel to the Debtor on March 26, 2021 (Document No. 210). The Settlement Order was not entered until August 28, 2021 (Document No. 237) and it is not clear that this firm was provided with notice of the Settlement Motion. In addition to resolving the Trustee's appeal of the Confirmation Order and fixing payment of the Donaldson claim, the Settlement Order provides for the distribution of estate funds contrary to the provisions of the Bankruptcy Code. Specifically, the Settlement Order provides for the distribution of approximately $17,000 to the Internal Revenue Service on account of its priority unsecured claim before payment to administrative claims. It is possible that the Court approved this distribution provision on the mistaken belief that administrative claims were

Hon. John K. Sherwood, U.S.B.J.
April 19, 2022
Page 3

discharged as argued by Donaldson. But even then, in accordance with <u>Benjamin Coal</u>, the IRS priority unsecured should be treated as a general unsecured claim. More importantly, as discussed above administrative claims were not discharged upon confirmation of the Plan and retain a priority of distribution over the IRS's unsecured priority claim.

Accordingly, we respectfully suggest that the proper waterfall of distribution is as follows:

a. the Chapter 7 Trustee and his counsel for services provided in the reconverted chapter 7 case;

b. allowances granted to this firm, Brian Hofmeister, Esq. and Kopelman & Kopelman LLP limited to its representation of the Chapter 7 Trustee in the originally filed chapter 7 case pro rata;

c. the IRS allowed priority unsecured claim;

d. unsecured creditors non-priority claims pro rata; and

e. any remaining funds to Donaldson on account of his deficiency claim, as agreed to in the Settlement Order.

Kopelman & Kopelman filed a <u>final</u> fee application for compensation as counsel to the chapter 7 trustee on May 21, 2020 seeking an allowance of compensation in the amount of $53,820 and reimbursement of expenses in the amount of $1,206.68 for a total of $55,026.68. As set forth more fully in the objection we filed to the fees sought by Kopelman & Kopelman LLP (Document No. 107), the services of Kopelman & Kopelman LLP were misfocused and not beneficial to the estate. Instead of resolving or litigating to conclusion the issues related to Donaldson's lien, Kopelman & Kopelman LLP was obsessed with removing Debtor and his family from their home and selling it without knowing if there was any equity in the house that would produce funds for the estate and losing complete sight of the fact that Donaldson was by far the largest creditor in the case. As a result, these misguided efforts resulted in significant administrative expenses for a case of this size where there were nominal unsecured creditors, who could have received a dividend if the Donaldson claim was resolved early on and then efforts undertaken to sell the Debtor's home. By order entered on June 24, 2020 (Document No. 112), the Court allowed Kopelman $27,404.24 and authorized payment of $12,750 of the allowance and deferred consideration of the balance of the application (Document No. 112). For the reasons set forth above, and more fully in the objection, we respectfully request that the Court award no further allowances to Kopelman & Kopelman LLP above the amount of $27,404.24 previously awarded and deduct the amount of $12,750 previously paid to Kopelman & Kopelman.

On April 18, 2022, Kopelman & Kopelman filed a second interim fee application in the total amount of $102,285.99 for the period following the conversion of the original chapter 7 case to chapter 11 and the reconversion of the case to chapter 7 (Document No. 292). As set forth in our letter dated February 9, 2022 (Document No. 276), Kopelman & Kopelman is not entitled to any compensation for pleadings it filed and appearances it made in its capacity as an administrative

Hon. John K. Sherwood, U.S.B.J.
April 19, 2022
Page 4

creditor and not on behalf of the Trustee. Instead, it is only entitled to an allowance of compensation for the services its rendered as counsel to the chapter 7 trustee as set forth in its <u>final</u> fee application. The April 18, 2022 application filed generally refers to a substantial contribution claim, presumably under section 503(b)(3)(D) of the Bankruptcy Code. Rather than a substantial contribution, the record shows that Kopelman's efforts resulted in a significant deterioration of estate assets through its accumulation of significant legal fees. Kopelman did not create the equity in Debtor's home in a chapter 11 case as required by section 503(b)(3)(D). The equity was there to be realized by reaching a practical settlement with Donaldson regarding his claim which could result in payment to unsecured creditors. Instead, Kopelman's efforts were taken in its own self-interest to generate fees for itself to be paid from that equity. As the Third Circuit has recognized, the benefit produced must be more than incidental and a creditor's motivation in undertaking an assertive role is presumed to be motivated by self-interest and not allowable as an administrative claim. <u>Lebron v. Mechem Financial Inc.</u>, 27 F.3d 937 (3d Cir. 1994); <u>See also</u>, <u>In Re Geriatrics Nursing Homes, Inc.</u>, 195 B.R. 34 (Bankr. D.N.J. 1996). Here, the scorched earth approach taken by Kopelman was motivated solely to increase its fees and then seek an allowance and did not in a chapter 11 case more than incidentally substantially contribute to the amount of money available for distribution.

Furthermore, for the reasons described in our letter, any allowance to Kopelman shall be paid pro rata with any allowance made to this firm and the Subchapter V Trustee in accordance with section 726(b) of the Bankruptcy Code. It is clear that section 726(b) provides a priority administrative claim only for the administrative claims of the chapter 7 trustee and his counsel in the reconverted case, and not in the original chapter 7 case, over the other administrative creditors.

Thank you for your consideration.

Respectfully submitted,

ShapiroCroland

*/s/ John P. Di Iorio*

John P. Di Iorio

JPD:dmm
Encl.

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

JOHN W. SYWILOK, ESQ.
52 Main Street
Hackensack, NJ 07601
Tel: 201 487-9390
*Chapter 7 Trustee*

In Re:

JOHN PATRICK O'GRADY

Debtor

Order Filed on August 18, 2021
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Chapter 7

Case No. 19-19513

Judge: John K. Sherwood

Hearing Date: 07/27/21 @ 10:00 a.m.

## ORDER APPROVING SETTLEMENT

The relief set forth on the following page is hereby **ORDERED**.

**DATED: August 18, 2021**

Honorable John K. Sherwood
United States Bankruptcy Court

Debtor: JOHN O'GRADY
Case No.: 19-19513
Caption of Order: ORDER APPROVING SETTLEMENT

**THIS MATTER** being opened to the Court by John W. Sywilok, Esq., the Chapter 7 Trustee, Michael S. Kopelman, Esq., appearing on behalf of creditor, Kopelman & Kopelman LLP, Scott Rever, Esq., appearing on behalf of Barry R. Donaldson, Esq., and James French, Esq., appearing on behalf of TIAA, FSB; and due notice to all parties in interest having been given; and the Court having reviewed the submissions and having heard argument with regard to the Settlement set forth in Exhibit "A," which is attached to the Trustee's Certification at Docket #221; and good cause being shown,

### IT IS HEREBY ORDERED AS FOLLOWS:

1. The Settlement set forth in Exhibit "A" is hereby approved except the words "Pro Rata" in paragraph 3c are eliminated.

2. The pending Appeal of Kopelman & Kopelman LLP shall proceed in District Court under case 2:20-cv-18906 MCA as to the Order confirming Chapter 11 Plan, which was entered on 12/02/2020 (Docket #173).

3. The Clerk shall serve notice of the entry of this Order upon the Debtor, the Debtor's attorney, the United States Trustee, and any other party who entered an appearance in this matter.

## SETTLEMENT AGREEMENT

WHEREAS Debtor, John Patrick O'Grady hereinafter ("O'Grady") filed a petition under Chapter 7 on May 9, 2019; and

WHEREAS O'Grady filed a Motion to Convert to Chapter 13 on January 9, 2020; and

WHEREAS the Court denied the motion on February 9, 2020; and

WHEREAS a motion was filed to convert the case to a Chapter 11 and said motion was granted on May 18, 2020; and

WHEREAS the Chapter 11 Small Business Plan was confirmed on December 2, 2020; and

WHEREAS an appeal was filed by the former Chapter 7 Trustee and Kopelman & Kopelman LLP as to the Order confirming the Plan; and

WHEREAS the case was converted to a Chapter 7 by the Court for O'Grady's failure to make payments under the Plan on March 31, 2021; and

WHEREAS John W. Sywilok was appointed Chapter 7 Trustee on April 5, 2021; and

WHEREAS the appeal set forth above is still pending; and

WHEREAS the parties seek a settlement of all issues herein since the only remaining issue is to sell the real property known as 91 Midvale Mountain Road, Mahwah, NJ 07430.

The parties have agreed as follows:

1.  The Trustee's appeal to the United States District Court of the Confirmation Order shall be dismissed.

2.  The real property is to be sold and after payment of secured creditors, taxes, real estate commissions and other normal closing costs, 45% of the sale proceeds to be paid to Donaldson at closing on account of his lien on the property. The proceeds to be paid to Donaldson will be sent by check to Donaldson's counsel payable to the Genova Burns, LLC Trust Account.

3.  The balance of proceeds of 55% of the net balance to be paid as follows:

    a)  The Chapter 7 Trustee the sum of $9,800.00 representing his commission.

    b)  The Internal Revenue Service the approximate sum of $17,000.00 on account of its priority claim.

      c)    The balance thereafter to be paid to the allowed claims of Kopelman & Kopelman LLP, John Di Iorio, Esq., Brian Hofmeister, Esq., Discover Financial Corporation, American Express, Internal Revenue Service non-priority claim Pro Rata.

      d)    Any additional commissions due the Trustee as allowed by the Court.

      e)    Any remaining funds to be distributed to creditor, Donaldson

4.    The agreement between O'Grady and Donaldson, through which O'Grady consented to a non-dischargeable judgment in favor of Donaldson in the amount of $250,000.00 less payments received by Donaldson under any distribution from the sale of the property, shall remain in full force and effect.

5.    This settlement agreement is subject to Bankruptcy Court approval.

_____
Scott Rever, Esq.
Attorney for Donaldson

_____
John W. Sywilok, Chapter
7 Trustee Pro Se