**KOPELMAN & KOPELMAN LLP**
*A PARTNERSHIP FOR THE PRACTICE OF LAW*
90 MAIN STREET, SUITE 205
HACKENSACK, NEW JERSEY 07601-7001
TELEPHONE (201) 489-5500
TELECOPIER (201) 489-7755
E-MAIL kopelaw@kopelmannj.com

**MICHAEL S. KOPELMAN**　　　　　　　　　　　　　　　　　　NEW YORK OFFICE
　MEMBER NJ AND NY BARS　　　　　　　　　　　　　　ONE PENN PLAZA, SUITE 2414
**CAROL WEINFLASH KOPELMAN**　　　　　　　　　　　　NEW YORK, NEW YORK 10119
　MEMBER NJ BAR　　　　　　　　　　　　　　　　　　　　　　　(212) 629-0733

April 22, 2022

***VIA ECF***
Honorable John K. Sherwood, U.S.B.J.
United States Bankruptcy Court
50 Walnut Street, Courtroom 3D
Newark, NJ 07102

Re: John Patrick O'Grady, CH 7, Case No. 19-19513-JKS

Dear Judge Sherwood:

　　From the outset, the issue in this case has been whether Barry R. Donaldson ("Donaldson") is a secured creditor or not. The Trustee had asked me to research the issue. I advised the Trustee that based on my research Donaldson was not a secured creditor because he failed to file a State Court motion on notice to the Debtor to authorize a levy on Debtor's real estate before the levy was made. Therefore, the Trustee's interest in Debtor's home was superior to Donaldson's pursuant to 11 U.S.C. § 544 with the result that Donaldson merely held an unsecured claim. Based on my opinion, the Trustee proceeded to administer this estate.

　　On behalf of the Trustee, Kopelman & Kopelman LLP ("Kopelman") as court approved attorneys, commenced Adversary Proceeding No. 19-02213 for a determination of Donaldson's status as a secured or unsecured creditor on 10/24/19. Neither the Bankruptcy Court nor the District Court has adjudicated this issue to date.

　　On 4/20/22, Kopelman filed a *Notice of Motion for Relief From Order Confirming Chapter 11 Amended Plan (Doc 173) and Approving Settlement (Doc 237) Pursuant to Bankruptcy Rule 9024 (b)(5) and Related Relief* returnable 5/31/22. (Doc 297). One of the requests for relief is that Kopelman be authorized to file a summary judgment motion in the aforesaid Adversary Proceeding for a determination

of the status of Donaldson's claim. If granted, Donaldson could file a cross-motion for summary judgment and in that way the secured or unsecured status of Donaldson's claim could be determined one way or the other. Were Donaldson to prevail, he would be entitled to the entire $198,809.56 held by the Trustee and the case would be over. On the other hand, if Kopelman prevailed, the Trustee would then wind up the estate. In my opinion, the pending inter-related fee applications of John P. DiIorio, Esq., Debtor attorney for $52,805.22 (Doc 178), Brian W. Hofmeister, Esq. Chapter 11 Trustee for $6,765.00 (Doc 174) and Kopelman for a balance of $144,562.97 (Doc 293), would only be material if the Court were to rule that Donaldson's claim is unsecured.

Based upon my Adjournment Request submitted to Chambers yesterday, it is respectfully requested that all pending matters be adjourned to 5/31/22 at 10:00 a.m. in the interest of judicial economy.

In response to Your Honor's Career Law Clerk, Noreen Walsh's e-mail to all counsel yesterday at 3:18 p.m., my conflict is not cleared as of this writing because the *Sky Auction* trial remains scheduled for 4/25/22 at 9:00 a.m. despite ongoing settlement negotiations. I am reluctant to agree to a hearing date on my adjournment request during the week at 4/25/22 because it may very well be that that trial will consume the entire week. I am available 5/3/22 at 10:00 a.m. for oral argument on my adjournment request but I note Mr. Hofmeister is not. I am available 5/5/22 at 10:00 a.m.

Thank you for your kind consideration.

Respectfully submitted,

KOPELMAN & KOPELMAN LLP

*/s/ Michael S. Kopelman*

Michael S. Kopelman, Esq.

cc: via email: John W. Sywilok, Esq.; Scott S. Rever, Esq.; John P. Di Iorio, Esq.; Brian W. Hofmeister, Esq.