**KOPELMAN & KOPELMAN LLP**
*A PARTNERSHIP FOR THE PRACTICE OF LAW*
90 MAIN STREET, SUITE 205
HACKENSACK, NEW JERSEY 07601-7001
TELEPHONE (201) 489-5500
TELECOPIER (201) 489-7755
E-MAIL kopelaw@kopelmannj.com

**MICHAEL S. KOPELMAN**
   MEMBER NJ AND NY BARS
**CAROL WEINFLASH KOPELMAN**
   MEMBER NJ BAR

NEW YORK OFFICE
ONE PENN PLAZA, SUITE 2414
NEW YORK, NEW YORK 10119
(212) 629-0733

May 24, 2022

<u>**VIA ECF**</u>
Honorable John K. Sherwood, U.S.B.J.
United States Bankruptcy Court
50 Walnut Street, Courtroom 3D
Newark, NJ 07102

   Re: John Patrick O'Grady, CH 7, Case No. 19-19513-JKS
       Hearing Date: 6/2/22 at 10:00 a.m.

Dear Judge Sherwood:

   Kopelman & Kopelman LLP is an allowed administrative creditor in this case.

   I write because there is a mistake in my *Notice of Motion For Relief From Order Confirming Chapter 11 Plan (Doc 173) And Order Approving Settlement (Doc 237) Pursuant To Bankruptcy Rule 9024 (b)(5) And Related Relief* (**Doc 297**) and want to clarify my position regarding same. I should have sought relief from Order granting Motion To Convert Case to Chapter 11, Subchapter V (Doc 91) rather than from Order Confirming Chapter 11 Plan (Doc 173). That portion of my motion seeking relief from order Approving Settlement (and order confirming plan) is moot (and has been previously withdrawn) (Doc 310) because Your Honor has specifically enforced the Order Approving Settlement by ordering the Trustee to remit $89,464.30 to Barry Donaldson on 5/12/22 (Doc 308).

   On 4/14/22, Scott S. Rever, Esq., relying on In re: Benjamin Coal Company, 978 F. 2d 823, 827 (3rd Cir. 1992) wrote "that when a Chapter 11 Plan is confirmed, administrative creditors no longer have administrative claims but rather have a contractual claim which are general unsecured claims in a converted Chapter 7 case." (Doc 291).

I agree with debtor's former counsel John P. Di Iorio, Esq. that *Benjamin Coal* is inapposite. (Doc 295).

I disagree with Mr. Di Iorio's further contention that Kopelman & Kopelman LLP is entitled to no fees following conversion to Chapter 11 in this case.

To the extent the conversion order stands as a bar to further fees and expenses to Kopelman & Kopelman LLP, it is my contention that enforcement of the conversion order prospectively at this point so as to preclude a further fee award to Kopelman & Kopelman LLP is inequitable which is why I am clarifying my position. By its specific terms, Bankruptcy Rule 9024 (b)(5) permits the court on motion and just terms to relieve a party from a final order if applying it prospectively is no longer equitable. In this case, the order converting case to Chapter 11 should not be applied or given prospective effect with respect to the pending fee application of Kopelman & Kopelman LLP.

Thank you for your kind consideration.

Respectfully submitted,

KOPELMAN & KOPELMAN LLP

*/s/ Michael S. Kopelman*

Michael S. Kopelman, Esq.

cc: via email: John W. Sywilok, Esq.; Scott S. Rever, Esq.; John P. Di Iorio, Esq.; Brian W. Hofmeister, Esq.