## KOPELMAN & KOPELMAN LLP
*A PARTNERSHIP FOR THE PRACTICE OF LAW*
90 MAIN STREET, SUITE 205
HACKENSACK, NEW JERSEY 07601-7001
TELEPHONE (201) 489-5500
TELECOPIER (201) 489-7755
E-MAIL kopelaw@kopelmannj.com

**MICHAEL S. KOPELMAN**
MEMBER NJ AND NY BARS
**CAROL WEINFLASH KOPELMAN**
MEMBER NJ BAR

NEW YORK OFFICE
ONE PENN PLAZA, SUITE 2414
NEW YORK, NEW YORK 10119
(212) 629-0733

May 26, 2022

***VIA ECF***
Honorable John K. Sherwood, U.S.B.J.
United States Bankruptcy Court
50 Walnut Street, Courtroom 3D
Newark, NJ 07102

    Re: John Patrick O'Grady, CH 7, Case No. 19-19513-JKS
        Hearing Date: 6/2/22 at 10:00 a.m.

Dear Judge Sherwood:

    Kopelman & Kopelman LLP is an allowed administrative creditor in this case.

    I write with respect to fee applications of Brian W. Hofmeister, Esq. (Doc 174), Shapiro Croland Reiser Apfel & Di Iorio LLP (Doc 178) and Kopelman & Kopelman LLP (Doc 293).

    On 2/18/22, the Chapter 7 Trustee, John W. Sywilok sold debtor's home located at 92 Midvale Mountain Road, Mahwah, NJ 07430 for $1,018,000.00. After payment of real estate commissions and the first and second mortgages on the property, $198,809.56 remained for distribution to creditors.

    Pursuant to settlement agreement between Mr. Sywilok and Scott Rever, Esq., attorney for Barry Donaldson, ("Donaldson") (Doc 221-2) approved by this Court on 8/18/21, (Doc 237) 45% of the net proceeds were to be paid to Donaldson. Pursuant to order entered 5/12/22, the Court authorized the Trustee to remit $89,464.30 to Donaldson. (Doc 308). This leaves over $109,345.26 for distribution to priority and administrative creditors of this insolvent estate.

From the estate's 55% portion of the net proceeds of sale, the settlement agreement provided that payment be made to Mr. Sywilok of $9,800.00 representing his commissions and approximately $17,000.00 to the IRS on account of its priority claim. On 5/22/20, the IRS filed amended claim #2 claiming priority for $17,399.76. At the last hearing, which occurred on 5/5/22, there was a suggestion that Mr. Sywilok inquire with the attorney for the IRS, Eamonn O'Hagen, Esq., to see if the IRS would subordinate its claim to the administrative professionals. Mr. Sywilok did so but Mr. O'Hagen declined. Thus, there remains on hand $82,145.50 for distribution to administrative creditors.

LBR 2016-1 requires that a narrative explaining the nature of the work performed and the results achieved accompany a fee application. Mr. Hofmeister's fee application is deficient because it lacks the required narrative.

As subchapter V Trustee, Mr. Hofmeister had a duty to furnish such information concerning the estate and the estate's administration as is requested by a party in interest. 11 U.S.C. § 1183 (b)(1) incorporating 11 U.S.C. § 704 (a)(7). I made requests of Mr. Hofmeister for pertinent information regarding the status of mortgage payments on 12/18/20 and 12/23/20; tax payments and tax returns on 10/2/20; information regarding AJM Passive Energy LLC, a post-bankruptcy entity formed by the debtor which was to find the plan on 10/5/20. Mr. Hofmeister provided none of the requested information. See 12/31/20 certification of Michael S. Kopelman, Esq. (Doc 188). I made the same request of Debtor's counsel John P. Di Iorio, Esq. which he ignored as well.

The subchapter V trustee also had a duty, pursuant to 11 U.S.C. § 1183 (b)(4), to ensure that the debtor commences making timely payments required by a plan confirmed under subchapter V. In this case, Mr. Hofmeister requested that he be excused from this duty which the Court granted leaving the task to the undersigned. As the Debtor did not even make his first payment due under his confirmed plan, I made a motion to reconvert case to Chapter 7 which the Court granted on 3/31/21. (Doc 212).

In ¶ 5 of his declaration in support of motion to convert to Chapter 11 dated 4/3/20 (Doc 82-2), Debtor stated:

> "Although there is no equity in the Home, I desire to retain the Home to allow my daughter who is a high school junior to be able to complete her high school education in the Mahwah school system."

Although Mr. Di Iorio's services succeeded in achieving Debtor's objective, none of his services, or Mr. Hofmeister's services for that matter, benefitted the estate in any meaningful way. Once Debtor achieved his stated purpose he stopped communicating

with Mr. Di Iorio regarding payment of his mortgages and payments to be made under his plan, resulting in Mr. Di Iorio's moving to be relieved as counsel. Instead of pressing for compensation over and above his retainer, Mr. Di Iorio should be embarrassed by how he played the Court by buying time for a tricky debtor whose stated purpose was to stall until his daughter graduated high school.

Furthermore, Mr. Di Iorio "vouched" for Debtor's testimony that he knew or should have known was false or misleading regarding the feasibility of Debtor's plan. By the time of that hearing, the Debtor had missed many of his mortgage payments. Additionally, Mr. Di Iorio did not provide relevant documentation regarding AJM Passive Energy, LLC which was crucial to assessing feasibility and thus never brought to the attention of the Court. As an officer of the court, Mr. Di Iorio should be ashamed of his actions in prosecuting a plan that was not proposed in good faith in violation of 11 U.S.C. § 1191 (a) incorporating 11 U.S.C. § 1129 (a)(5) and not rewarded for them.

In contrast, as the Court recognized at the 5/5/22 hearing, my services post conversion produced a direct monetary benefit to the estate of $47,479.58 plus a $30,000.00 judgment against the Debtor. If it were not for me there would be no default clause in the order confirming plan, the case would not have been re-converted to Chapter 7 and there would have been no fund created from the sale of Debtor's home to pay creditors.

In Mr. Di Iorio's 4/19/22 letter to the Court (Doc 295), he emphasizes that my previous fee application was labeled "final". That was because Debtor's plan had been confirmed. Since Debtor defaulted by not even making the first payment due under his confirmed plan, further services were required.

Mr. Di Iorio also asserts that my services must be presumed to be motivated by self-interest and the results achieved must be more than incidental to the estate. Mr. Di Iorio does not cite even one time entry of mine to support his claims because there are none. While it is true I request compensation for services rendered, all of my services were necessary, reasonable and benefitted the estate. It is Mr. Di Iorio, not me, who ran up legal fees by filing and prosecuting Debtor's plan which he knew or should have known was neither filed in good faith nor feasible.

Respectfully submitted,

KOPELMAN & KOPELMAN LLP

*/s/ Michael S. Kopelman*

Michael S. Kopelman, Esq.

3