

**ShapiroCroland**
Shapiro • Croland • Reiser • Apfel • Di Iorio, LLP.

John P. Di Iorio
Partner
jdiiorio@shapiro-croland.com
Member NJ and NY Bar

July 21, 2022

**Via ECF**
Hon. John K. Sherwood, U.S.B.J.
United States Bankruptcy Court Newark
M.L. King, Jr. Federal Building & Courthouse
50 Walnut Street – 3rd Floor
Newark, NJ 07102

      **Re:**    **John Patrick O'Grady**
              **Case No.: 19-19513-JKS**
              **Motion of Shapiro, Croland, Reiser, Apfel & Di Iorio, LLP for Relief From A Portion Of Settlement Order**
              **Hearing Date: July 26, 2022 at 10:00 a.m.**

Dear Judge Sherwood:

    We are former counsel for the Debtor and the holder of an administrative claim for an allowance of compensation and reimbursement of expenses granted pursuant to an Order entered by the Court, which has not been fully paid. On July 5, 2022 we filed a Motion for relief from a portion of an Order approving a settlement filed on August 18, 2021(the "Settlement Order") [Document No. 316]. Specifically, the Motion sought relief from the provision of the Settlement Order which provided for the priority tax claim of the Internal Revenue Service ("IRS") in the amount of $17,399.76 to be paid ahead of administrative claims, including that of Shapiro Croland. On July 19, 2022, we filed a Consent Order agreed to by the IRS granting the relief requested in the Motion and providing for unpaid administrative claims to be paid ahead of the IRS's priority tax claim. [Document No. 320].

    On July 19, 2022 Kopelman & Kopelman LLP filed a letter requesting that it be allowed to share in the $17,399.76 available to pay administrative creditors in accordance with the Consent Order negotiated with the IRS. [Document No. 318]. The request of Kopelman & Kopelman should be denied because it has no unpaid administrative claim in this case.

Counsellors at Law | A Limited Liability Partnership Including Professional Corporations
411 Hackensack Avenue, Hackensack, NJ 07601, tel 201-488-3900, fax 201-488-9481
www.shapiro-croland.com
2190347.1

Hon. John K. Sherwood, U.S.B.J.
July 21, 2022
Page 2

In that regard, pursuant to an Order entered on June 8, 2022 Granting Allowances of Compensation and Reimbursement of Expenses to Professionals (the "Compensation Order"), Kopelman & Kopelman was allowed compensation and reimbursement of expenses in the amount of $61,250 against which there was a credit of $12,750 previously paid and provided for the Trustee to pay, and he did pay, the balance of $48,500 on account of the Kopelman & Kopelman allowance. Accordingly, Kopelman & Kopelman has no unpaid administrative claim in this case and, as the Compensation Order states, the fee request of Kopelman & Kopelman was settled by consent pursuant to the Order entered by the Court. [Document No. 313]. As the Court will recall, Shapiro Croland agreed to the amount of compensation requested by Kopelman & Kopelman in settlement and payment in full of the amount allowed Kopelman on condition that if relief from the Settlement Order was granted Kopelman & Kopelman would be entitled to no further payments and only Shapiro Croland and Mr. Hofmeister would be entitled to be paid from the amount reserved by the Trustee for the IRS priority tax claim. Thus, Kopelman's claim has been settled and it is not entitled to any further payment.

Notably, the Compensation Order granted allowances of compensation and reimbursement of expenses to our firm in the amount of $52,805.22 against which there was a credit of $10,000 previously paid and provided for the Trustee to pay Shapiro Croland $29,500 on account of this allowance. Accordingly, there remains an administrative claim payable to Shapiro Croland of $13,305.22. Similarly, the Compensation Order provided for the former subchapter V trustee, Brian Hofmeister, to be allowed compensation and reimbursement of expenses in the amount of $6,765 and to be paid $4,000. Accordingly, there remains $2,765 in administrative claims due to Mr. Hofmeister for a total of $16,070.22 in unpaid, allowed administrative claims of professionals.

As set forth in the Consent Order submitted between this firm and the IRS, the Court should order the balance of $17,399.76 previously reserved for the IRS priority tax claim to be paid to Shapiro Croland and Brian Hofmeister in the total amount of $16,070.22 as set forth above and the balance distributed to the IRS in accordance with the priority provisions of section 507 of the Bankruptcy Code.

Thank you for your consideration.

Respectfully submitted,

*/s/ John P. Di Iorio*

John P. Di Iorio

JPD:dmm
cc:    Brian Hofmeister, Esq. (via ECF)
       Kopelman & Kopelman, Esq.(via ECF)
       John Sywilok, Esq. (via ECF)
       Eamonn J. O'Hagen, Esq. (via first class mail)