# KOPELMAN & KOPELMAN LLP
*A PARTNERSHIP FOR THE PRACTICE OF LAW*
90 MAIN STREET, SUITE 205
HACKENSACK, NEW JERSEY 07601-7001
TELEPHONE (201) 489-5500
TELECOPIER (201) 489-7755
E-MAIL kopelaw@kopelmannj.com

MICHAEL S. KOPELMAN
   MEMBER NJ AND NY BARS
CAROL WEINFLASH KOPELMAN
   MEMBER NJ BAR

NEW YORK OFFICE
521 FIFTH AVENUE, SUITE 1700
NEW YORK, NEW YORK 10175
(212) 629-0733

July 24, 2022

Hon. John K. Sherwood
United States Bankruptcy Court
MLK Jr. Federal Courthouse
50 Walnut Street
Newark, NJ 07102

Re: In re: John Patrick O'Grady
    Chapter 7  Case No.: 19-19513
    Hearing date:   July 26, 2022 at 10:00 a.m.

Dear Judge Sherwood:

This sur-reply to Mr. Di Iorio's correspondence dated July 21, 2022 (doc 323) is submitted with the permission of your law clerk, Ryan Lindsey.

On Page 2 of his letter, Mr. Di Iorio states:

As the Court will recall, Shapiro Croland agreed to the amount of compensation requested by Kopelman & Kopelman in settlement and payment in full of the amount allowed Kopelman *on condition that if relief from the Settlement Order was granted Kopelman & Kopelman would be entitled to no further payments and only Shapiro Croland and Mr. Hofmeister would be entitled to be paid from the amount reserved by the Trustee for the IRS priority tax claim.* (emphasis added)

I would be astonished if the Court recalled any such condition because I certainly do not.

At the time of the June 2, 2022 hearing resulting in Your Honor's June 8, 2022 order, (doc 313), as previously noted (doc 322), IRS attorney Eamonn J. O'Hagen's position was: "[The order approving settlement is unambiguous and that the IRS [is] to be paid ahead of administrative claims."  The settlement reached with the Court's assistance regarding payment to the administrative professionals assumed that the IRS's priority tax claim of

1

$17,399.76 would be paid by the Trustee out of the then available $82,145.50 on hand for distribution.  (See doc 312 at p.2).

Mr. Di Iorio did not mention at the June 2, 2022 hearing that he intended to file a motion for relief from the Order Approving Settlement entered August 18, 2021 (doc 237) to reorder the distribution to creditors contained in the Settlement Agreement.  His motion was filed on July 5, 2022 (doc 316), which came as a complete surprise to me.

To date, Shapiro, Croland, Riser, Apfel and Di Iorio LLP has received $39,500.00 out of total requested fees and disbursements of $52,805.22, Brian Hofmeister, Esq. has received $4,000.00 out of total requested fees and disbursements of $6,765.00 and Kopelman & Kopelman LLP has received $61,200.00 out of total requested fees and disbursements of $157,312.97.

At the June 2, 2022 hearing, Your Honor acknowledged that Kopelman & Kopelman LLP's services post-conversion substantially benefited the Estate but the Court would not allow compensation for services in connection with the appeals.  In order to avoid having to submit a revised fee application and for the Court to have to specifically quantify its allowance of Kopelman & Kopelman LLP's fees, that the following language in the order granting allowances of compensation and reimbursement of disbursements to professionals appears, to wit;

> Kopelman & Kopelman LLP be and it is hereby allowed an allowance of compensation and reimbursement of expenses in the amount of $61,250 against which there shall be a credit of $12,750 previously paid to Kopelman & Kopelman LLP.  Within three (3) days of entry of this order, the Chapter 7 Trustee is authorized to and shall pay Kopelman & Kopelman LLP $48,500 on account of this allowance.  The Court recognizes that Kopelman & Kopelman, LLP additionally expended time and incurred expenses regarding its fee request of $102,385.99 (Doc. 293) and that this fee request is being settled by consent pursuant to this order. (¶ 3 on doc 313)

To seize on the language "this fee request is being settled by consent pursuant to this order" as Mr. Di Iorio does so as to exclude Kopelman & Kopelman LLP from further participation regarding the $17,399.76 additional now available would not only be unfair but would ignore the context in which such language arose.  If the order meant "on condition that if relief from the Settlement Order was granted Kopelman & Kopelman would be entitled to no further payments and only Shapiro Croland and Mr. Hofmeister would be entitled to be paid from

2

the amount reserved by the Trustee for the IRS priority tax claim" it would have said so. But it does not.

  Mr. Di Iorio's submittal of a proposed consent order that he reached with Mr. O'Hagen excluding Kopelman & Kopelman LLP from participating in the additional available sum of $17,399.76 was, in my view, unprofessional. As previously indicated, I have spoken to Mr. O'Hagen and he does not object to Kopelman & Kopelman LLP's participation in the monies freed up by the subordination of the IRS' priority tax claim to those of the administrative professionals. In his words: "I have no horse in this race."

  For the foregoing reasons, the $17,399.76 more that is now available should be distributed in the same ratio as fixed in the June 8, 2022 Order Granting Allowances of Compensation and Reimbursement of Expenses to Professionals (doc 313); to wit:

    $10,256.86: Kopelman & Kopelman LLP

    $6,263.91: Shapiro, Croland, Reiser, Apfel & Di Iorio LLP

    $869.99: Brian Hofmeister, Esq.

          Respectfully submitted,
          KOPELMAN & KOPELMAN LLP

          */s/ Michael S. Kopelman*

          By: Michael S. Kopelman

MSK/aa